APR 10 1990

PATRICIA D. [illegible]
CLERK OF THE PANEL

DOCKET NO. 833

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE INTEGRATED RESOURCES COMMERCIAL PAPER LITIGATION

TRANSFER ORDER*

This litigation consists of six actions listed on the attached Schedule A and pending in five districts as follows: two actions in the Southern District of New York and one action each in the Northern District of Alabama, the Southern District of Indiana, the Southern District of Iowa, and the Western District of Pennsylvania. Defendants Drexel Burnham Lambert Inc. (Drexel), Drexel Burnham Lambert Group, Inc., and Drexel Burnham Lambert Commercial Paper, Inc., have moved the Panel for an order under 28 U.S.C. §1407 centralizing all actions in the Southern District of New York for coordinated or consolidated pretrial proceedings.[1/] Plaintiffs in the actions pending outside the Southern District of New York oppose transfer. In the event the Panel determines that centralization of at least some of the actions is appropriate, then these plaintiffs would favor centralization of their actions and one of the New York actions in the Western District of Pennsylvania.

On the basis of the papers filed and the hearing held, the Panel finds that centralization of all actions in the Western District of Pennsylvania except the action entitled <u>In re Integrated Resources Securities Litigation</u>, S.D. New York, C.A. No. 89 Civ. 4255, will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All five actions to be centralized arise from the sale of Integrated Resources, Inc.'s commercial paper by Drexel and/or its parent or affiliate.[2/] Plaintiffs in all five actions allege that the Drexel defendants violated federal securities laws in connection with the commercial paper sales by misstating or omitting to state material information possessed by them concerning the financial health of Integrated Resources, Inc. Centralization of these five actions is therefore necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

---

* Judge Louis H. Pollak took no part in the decision of this matter.

[1/] Movants' Section 1407 motion was filed prior to the February 13, 1990 bankruptcy filing of Drexel's parent, Drexel Burnham Lambert Group, Inc.

[2/] Claims originally included in the Alabama action against another seller of Integrated Resources commercial paper have been severed by the transferor court and are not included in the Section 1407 transfer order of the Panel.

On the basis of the record before us, we are not persuaded that *In re Integrated Resources Securities Litigation* should be included in centralized pretrial proceedings with the five commercial paper actions. We note that: 1) *In re Integrated Resources Securities Litigation* is a consolidated class action that does not arise from the sale of commercial paper, but rather from the sale of Integrated Resources common stock, senior subordinated debt, and preferred stock; 2) the commercial paper actions are brought as individual actions, and the commercial paper purchasers are excluded from the definition of the class sought in *In re Integrated Resources Securities Litigation*; 3) *In re Integrated Resources Securities Litigation* is brought against a wide array of defendants not named in the commercial paper actions, including individual Integrated Resources officers and directors and Integrated Resources' accounting firm; and 4) *In re Integrated Resources Securities Litigation* relates to claims that are different from, and that arise over longer periods than, those involved in the commercial paper actions. In light of these differences, we conclude that inclusion of *In re Integrated Resources Securities Litigation* in centralized pretrial proceedings with the five commercial paper actions would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of this litigation.

Since the commercial paper actions are to be treated separately, we are persuaded that the Western District of Pennsylvania is the appropriate transferee district for them. We note that: 1) plaintiffs in four of the five commercial paper actions agree upon centralization there; and 2) the Pennsylvania district is geographically central vis-a-vis the five commercial paper actions.

IT IS THEREFORE ORDERED that transfer pursuant to 28 U.S.C. §1407 of the action on the attached Schedule A entitled *In re Integrated Resources Securities Litigation*, S.D. New York, C.A. No. 89 Civ 4255, be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. §1407, the remaining actions listed on the attached Schedule A and pending outside the Western District of Pennsylvania be, and the same hereby are, transferred to the Western District of Pennsylvania and, with the consent of that court, assigned to the Honorable Donald E. Ziegler for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

FOR THE PANEL:

*Andrew A. Caffrey*
Andrew A. Caffrey
Chairman

MDL-833 -- In re Integrated Resources Commercial Paper Litigation

### Southern District of Indiana

Liquid Green Trust v. Drexel Burnham Lambert Commercial Paper Inc., C.A. No. IP89 640C

### Northern District of Alabama

Ryder International Corp. v. First American National Bank, et al., C.A. No. CV-89-PT-1422-M

### Western District of Pennsylvania

USX Corp. v. Drexel Burnham Lambert Inc., et al., C.A. No. 89-2068

### Southern District of Iowa

Farm Bureau Life Insurance Company v. Drexel Burnham Lambert Incorporated, et al., C.A. No. 90-0071-B

### Southern District of New York

In re Integrated Resources Securities Litigation, C.A. No. 89 Civ 4255 (SWK)
The Value Line Cash Fund, Inc., et al. v. Drexel Burnham Lambert, Inc., et al., C.A. No. 90 Civ 0704